**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MAGIC TRANSPORT, INC.,**<br><br>     Plaintiff,<br><br>     v.<br><br>**A THRU Z RIGGING AND LOGISTIC SERVICES, LLC,**<br><br>     Defendant. | Civil No. 15-1035 (JAG/BJM) |

**REPORT AND RECOMMENDATION**

In this an action based on admiralty and maritime jurisdiction, plaintiff Magic Transport, Inc. ("Magic") sued defendant A Thru Z Rigging and Logistic Services, LLC ("ATZ") to recover shipping container detention charges. Docket No. 1 ("Compl."). ATZ failed to respond to summons, and default was entered against ATZ pursuant to Federal Rule of Civil Procedure 55(a). Docket No. 7. Magic moved, unopposed, for a default judgment under Federal Rule of Civil Procedure 55(b). Docket No. 8. The matter was referred to me for a hearing on damages and a report and recommendation. Docket Nos. 9, 10. At the hearing on June 12, 2015, Magic offered the testimony of Johana Guadalupe ("Guadalupe"), director of operations, as well as document exhibits. ATZ did not appear. For the reasons that follow, I recommend that Magic's motion **be granted in part**, and that judgment be entered as described.

**DEFAULT JUDGMENT STANDARD**

After an entry of default has been made, "the court . . . may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." *Ramos-Falcón v. Autoridad de Energía Eléctrica*, 301 F.3d 1, 2 (1st Cir. 2002) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). The party in default is taken to have conceded the truth of those factual allegations. *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). The plaintiff's claims have

"facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted). Default can only establish a defendant's liability, so plaintiffs must establish the extent of the damages resulting from the defendant's violations. *Eisler v. Stritzler*, 535 F.2d 148, 153–54 (1st Cir. 1976). When the amount of damages is in dispute or not ascertainable from the pleadings, a post-default hearing is necessary to determine the amount of the award. *Graham v. Malone Freight Lines, Inc.*, 314 F.3d 7, 16 (1st Cir. 1999).

### BACKGROUND

The facts that follow are based on allegations of the complaint and the evidence, testimonial and documentary, presented at the damages hearing. Magic is a corporation that specializes in the carriage of goods by sea. Compl. ¶¶ 4, 6. Magic operates as a Non-Vessel Operating Common Carrier ("NVOCC"): an intermediary between companies that own vessels, and merchants who want to use the vessels to ship their goods. Compl. ¶ 6; Guadalupe Test. ATZ is a corporation that is engaged in the business of freight forwarding and cargo logistics. Compl. ¶¶ 5, 7.

ATZ requested Magic's services for the procurement of two containers to ship goods from Carolina, Puerto Rico, to Norcross, Georgia. Compl. ¶ 10. Magic provided ATZ with a quotation, and ATZ contacted Magic to request the containers on April 15, 2014. Compl. ¶¶ 9, 10. Magic obtained these containers from Crowley Puerto Rico Service, Inc ("Crowley"). Ex. 1, at 6; Guadalupe Test. ATZ was expected to call Magic when the containers were ready to be picked up within the designated free-time period. Guadalupe Test. ATZ has used Magic's services previously and was aware of this policy, as well as all other terms and conditions. Guadalupe Test.

ATZ did not call Magic, nor did ATZ respond to Magic's phone call inquiring as to the status of the containers. Guadalupe Test. ATZ returned the containers on August 1 and August 4 of 2014 and Magic, as the intermediary, incurred charges from Crowley for

misuse in excess of 100 days. Compl. ¶ 12; Exs. 5-8. Crowley charged Magic $15,470.00 for this misuse. Exs. 5-8.

Magic attempted to collect these charges from ATZ to no avail. Compl. ¶ 13. Magic then brought an action against ATZ, but ATZ did not respond, and the clerk entered the default of ATZ on April 23, 2015. Docket No. 23. Magic now requests damages from ATZ for their breach of contract. This recommendation is issued after a hearing on default damages.

## DISCUSSION

### I. Breach of Contract

Claims for demurrage arising from the detention of shipping containers fall under Federal purview. *TAG/ICIB Servs. v. Pan Am. Grain Co.*, 215 F.3d 172, 175 (1st Cir. 2000); *Ocean Transp. Line, Inc. v. Am. Philippine Fiber Indus., Inc.*, 743 F.2d 85, 88 (2d Cir. 1984). The elements of a breach of contract claim are (1) a valid contract and (2) a breach by a party to the contract. 17A Am. Jur. 2d Contracts § 707 (2014); 23 Williston on Contracts § 63:8 (4th ed. 2014).[1] A breach is the failure to perform a duty promised under the contract. Restatement (Second) of Contracts § 235 (1981); Williston, *supra*, § 63:1.

For a contract to be valid, there must be offer, acceptance, consideration, and mutual assent. 17A Am. Jur. 2d Contracts § 19. Magic alleges that ATZ requested the containers, Magic provided a quote, ATZ again requested the containers, and Magic provided the containers. Compl. ¶¶ 8, 9, 10, 11. This offer and acceptance constitutes a valid contract supported by mutual assent and consideration.

Magic also alleges a breach: ATZ kept the containers "for over one hundred days, exceeding the free-time period." Compl. ¶ 12. Reasonably construed, the complaint demonstrates that a free-time period was agreed upon by the parties, and ATZ did not

---

[1] Because admiralty actions are governed by federal substantive law, *S.S. Philippine Jose Abad Santos v. Bannister*, 335 F.2d 595, 597 (5th Cir. 1964), I cite to general principles of contract law, rather than to the law of any particular state.

Magic Transport, Inc., v. A Thru Z Rigging and Logistic Services, LLC., Civil No. 15-1035 (JAG/BJM)            4

adhere to this agreed upon time-frame.

Even if not agreed upon, a carrier's right to recover detention fees from a shipper can be implied. *Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 626 F. Supp. 718, 721 (D.P.R. 1985) *aff'd*, 804 F.2d 773 (1st Cir. 1986); *Gulf Puerto Rico Lines, Inc. v. Associated Food Co., Inc.,* 366 F. Supp. 631 (D.C.P.R.1973). It is "well recognized that…the risk of vicissitudes which prevent the loading or discharge of cargo within the stipulated lay days or free time allowed by tariffs, should be borne by the cargo interest, shipper or consignee." *Yone Suzuki v. Central Argentine Ry.*, 27 F.2d 795 (2nd Cir. 1928); *The Marpesia*, 292 F. 957 (2nd Cir. 1923). ATZ, as shipper and consignee here, implicitly bears the risk of performing within the free-time period. Compl. ¶ 6 fn.1; Guadalupe Test.; Ex. 2, Ex. 9. ATZ failed to do so, and thus breached the contract. Compl ¶ 12.

**II. Damages**

    **A. Demurrage**

Magic seeks payment for shipping container detention charges, otherwise known as demurrage, incurred by ATZ. Compl. Demurrage is the sum a charter party is entitled to when their vessel is detained "beyond the number of days allowed by the charter party for loading and unloading." *Black's Law Dictionary,* p. 389 (5th ed. 1979). *Matter of Commonwealth Oil Ref. Co., Inc.*, 734 F.2d 1079, 1081-82 (5th Cir. 1984); *Trans-Asiatic Oil Ltd., S.A.*, 626 F. Supp. At 721. This case considers containers to be extensions of the vessels. *Ne. Marine Terminal Co. v. Caputo*, 432 U.S. 249, 270, 97 S. Ct. 2348, 2360, 53 L. Ed. 2d 320 (1977).

ATZ is obligated to pay damages arising from its unexcused breach of a contract. 23 Williston on Contracts § 63:8 (4th ed.). Magic incurred charges of $15,470.00 for detaining the containers. Exs. 5-8. ATZ breached its promise to perform within the free-time period and is responsible for the demurrage charges that resulted.

    **B. Prejudgment Interest**

Additionally, Magic requests prejudgment interest from August 5, 2014, until the

judgment is paid. Docket No. 7. The allowance of prejudgment interest in admiralty is subject to the trial court's discretion. *Am. Union Transp. Co. v. Aguadilla Terminal, Inc.*, 302 F.2d 394, 396 (1st Cir. 1962); *O'Donnell Transportation Co. v. City of New York*, 215 F.2d 92, 94-95 (2d Cir. 1954); *United States Willow Furniture Co. v. La Compagnie Generale Transatlantique*, 271 F. 184, 186-87 (2d Cir. 1921). However, it should be granted in the absence of exceptional circumstances. *Moore-McCormack Lines, Inc. v. Amirault*, 202 F.2d 893, 898 (1st Cir. 1953); *The Wright*, 109 F.2d 699, 702 (2d Cir. 1940).

A plaintiff is "entitled to the income which the monetary damages would have earned, and that should be measured by interest on short-term, risk-free obligations." *City of Boston v. S.S. Texaco Texas*, 773 F.2d 1396, 1401 (1st Cir. 1985); *Ingersoll Mill. Mach. Co. v. M/V Bodena*, 829 F.2d 293, 311 (2nd Cir. 1987); *Independent Bulk Transp., Inc. v. The Vessel "MORANIA ABACO",* 676 F.2d 27 (2nd Cir. 1982). The average annual United States Treasury Bill rate is regularly used by courts to calculate the interest. *Pimentel v. Jacobsen Fishing Co.*, 102 F.3d 638, 640 (1st Cir. 1996); *Ingersoll Mill. Mach. Co. v. M/V Bodena,* 829 F.2d 293, 311 (2nd Cir. 1987); *Dessert Service Incorporated v. M/V MSC Jamie/Rafaela,* 219 F.Supp.2d 504, 509 (S.D.N.Y. 2002).

Here, however, if Magic has not surrendered any money to Crowley, and Crowley has not requested interest, an award of prejudgment interest would unjustly enrich Magic. Magic is recovering these damages to pay its bill to Crowley. It is not the case that had ATZ paid its fees when initially requested, that Magic would have started accruing interest on that sum. The fee would have been paid to Crowley. It is possible that Crowley missed an opportunity to invest that sum once the containers were recovered in August 2014, but Magic makes no such allegation. Therefore, no prejudgment interest should be granted.

### C. Attorney's Fees

Magic also seeks attorney's fees and costs but has not provided information on the amount sought or documentation to prove costs. "[A] District Court should not award attorneys' fees unless the prevailing party presents sufficiently detailed records that the

Magic Transport, Inc., v. A Thru Z Rigging and Logistic Services, LLC., Civil No. 15-1035 (JAG/BJM)                6

time expended and the need for the services are clearly established." *White v. City of Richmond,* 713 F.2d 458, 461 (9th Cir.1983) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 440-41 (1983) (Burger, C.J., concurring)). In addition, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley,* 461 U.S. at 437 (1983). No records are presented here and an award of attorney's fees is not warranted.

Moreover, the general rule in the United States is that litigants must pay their own legal fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 240, 95 S. Ct. 1612, 1613, 44 L. Ed. 2d 141 (1975); *Moores v. Greenberg*, 834 F.2d 1105, 1111 (1st Cir. 1987); *Trans-Asiatic Oil Ltd. S.A. v. UCO Marine Int'l Ltd.*, 618 F. Supp. 132, 137 (S.D.N.Y. 1985). An agreement between the parties that legal fees are recoverable can create an exception to this rule. *Trans-Asiatic Oil Ltd. S.A.,* 618 F. Supp. at 137. Magic does not provide any such agreement, nor invoices surrounding these fees, nor a description of the nature and circumstances surrounding these fees. *Mediterranean Shipping Co., (USA) Inc. v. Worldwide Freight Servs., Inc.*, No. 10 CIV. 9445 HBP, 2012 WL 3740683, at *7 (S.D.N.Y. Aug. 29, 2012). Therefore, there is no legal or factual basis at this time to award fees.

## CONCLUSION

For the above reasons, Magic's claims against ATZ should be **GRANTED IN PART**. I recommend that judgment enter for Magic against ATZ in the amount of **$15,470.00**, and reserve recommendation on attorney's fees.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec.*

Magic Transport, Inc., v. A Thru Z Rigging and Logistic Services, LLC., Civil No. 15-1035 (JAG/BJM)                    7

*Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 26th day of June, 2015.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge